UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA HOLT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:21-cv-2610 |
| | ) |
| ANGIE'S LIST, INC. d/b/a ANGI, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Comes now the Plaintiff, Rebecca Holt ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Angie's List, Inc., d/b/a Angi ("Defendant") under the Americans with Disabilities Act Amendment Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

## PARTIES

2. Plaintiff has resided within the Southern District of Indiana at all relevant times.

3. Defendant, Angie's List, Inc., d/b/a Angi, is a corporation that operates and conducts business in the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 & § 1343, 29 U.S.C. § 2617(a)(2),  42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 12117, and  29 U.S.C. § 626(c).

5. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 2611(2)(A), 42 U.S.C. § 2000e(f), and 29 U.S.C. § 630(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5), 29 U.S.C. § 630(b), 42 U.S.C. § 2000e(b), and 29 U.S.C. § 2611(4)(A).

7. Plaintiff satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received her "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

8. Between November of 2020, and December of 2020, Plaintiff was an "eligible employee" as that term is defined by the FMLA.

9. Plaintiff had a "serious health condition" in 2020 as that term is defined by the FMLA.

10. Since November of 2019, Defendant has employed 50 or more employees within a 75-mile radius of the facility at which Plaintiff worked.

11. Plaintiff worked 1,250 or more hours in the 12-month period proceeding November 16, 2020.

12. All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

13. Plaintiff is a female and is Fifty-One (51) years of age.

14. Defendant hired Plaintiff on or about April 18, 2016. At the time of her termination, Plaintiff held the position of Client Success Manager.

15. Plaintiff's work performance met or exceeded the Defendant's legitimate expectations at all relevant times.

16. Plaintiff suffers from Depression, and Anxiety. Her impairments substantially limit one or more major life activities, including, but not limited to, sleep, exercise, housework, and recreational activities.

17. Plaintiff is a qualified individual with a disability, and/or has a record of disability, and/or is regarded by Defendant as disabled. She had approved continuous FMLA leave for her own serious health condition for the period of November 16, 2020, until December 28, 2020.

18. In early 2020, Plaintiff was assigned to a new supervisor, Patrick Selby ("Selby"). Soon thereafter, Holt began to notice that Selby treated her differently than her substantially younger and/or male teammates and would often disparage and ridicule her, going so far as to refer to her as "Boomer" in front of her teammates. Selby also issued unwarranted discipline to Plaintiff. As a result, Plaintiff made numerous pleas to Defendant's HR department asking for help with the situation and even requesting a new supervisor.

19. In early to mid November of 2020, as a result of the stress placed on her by Selby, Plaintiff began to experience flare-ups of her anxiety and depression. She asked Selby if she could make occasional deviations from her daily work schedule in order to help her deal with the flare-ups. Plaintiff's requests constitute a request for a reasonable accommodation under the ADA and are protected conduct.

20. Due to the worsening of her depression and anxiety, Plaintiff's physician recommended that Plaintiff take some time off of work. Plaintiff requested and received FMLA qualifying leave. Her request for FMLA qualifying leave constitutes a request for a reasonable accommodation under the ADA.

21. Plaintiff was out on FMLA leave from November 16, 2020, until December 28, 2020. On January 7, 2021, less than two weeks after her return to work, Defendant fired Plaintiff for an alleged policy violation.

22. The Defendant has taken adverse employment actions against Plaintiff because of her sex, and/or her age, and/or her disability, and/or her record of a disability, and/or its perception of her being disabled, and/or her statutorily protected conduct.

23. Defendant retaliated against Plaintiff for engaging in protected conduct.

24. Plaintiff's similarly situated co-workers who are substantially younger than her, and/or who have not engaged in protected conduct, and/or are not disabled, regarded as disabled, or have a record of disability, and/or are male have been treated more favorably than Plaintiff.

25. Plaintiff has been damaged by Defendant's unlawful conduct.

## COUNT I

## AGE DISCRIMINATION UNDER ADEA

26. Plaintiff hereby incorporates paragraphs 1-25 of her Complaint.

27. Defendant has accorded more favorable treatment to similarly-situated employees who are substantially younger than Plaintiff.

28. Defendant took adverse employment actions against Plaintiff due to her age.

29. Defendant's actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADEA.

30. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT II

## DISABILITY DISCRIMINATION – ADA

31. Plaintiff hereby incorporates paragraphs 1-30 of her Complaint.

32. Plaintiff requested reasonable accommodations in the form of FMLA leave and flexibility in her work schedule.

33. Defendant took adverse employment actions against Plaintiff based on her disability, record of a disability, and/or a perception of her being disabled.

34. Defendant has accorded more favorable treatment to similarly-situated employees who are not disabled or regarded as disabled and/or do not have a record of disability.

35. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

36. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT III

## DISABILITY RETALIATION – ADA

37. Plaintiff hereby incorporates paragraphs 1-36 of her Complaint.

38. Plaintiff requested reasonable accommodations in the form of FMLA leave and flexibility in her work schedule. Plaintiff's requests for reasonable accommodations constitute protected conduct under the ADA.

39. Defendant took adverse employment actions against Plaintiff in retaliation for her engagement in protected conduct.

40. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

41. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT IV

## VIOLATIONS OF THE FMLA

42. Plaintiff hereby incorporates paragraphs 1-41 of her Complaint.

43. Defendant violated the FMLA by interfering with Plaintiff's substantive FMLA rights and/or terminating her in retaliation for requesting and using FMLA-qualifying leave.

44. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights under the FMLA.

45. Defendant has accorded more favorable treatment to similarly-situated employees who have not requested and/or taken FMLA qualifying leave.

46. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT V

## TITLE VII – SEX DISCRIMINATION

47. Plaintiff hereby incorporates paragraphs 1-46 of her Complaint.

48. Defendant took adverse employment actions against Plaintiff because of her sex.

49. Defendant treated similarly-situated, male employees more favorably than it treated Plaintiff.

50. Defendant's unlawful actions were intentional, willful and done in reckless disregard of Plaintiff's rights under Title VII.

51. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Rebecca Holt, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to her in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay liquidated damages to Plaintiff;

5. Defendant pay pre- and post-judgment interest to Plaintiff;

6. Defendant pays Plaintiff's attorneys' fees and costs incurred in this action; and

7. Defendant pays to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Natalie R. Dickey, Attorney No. 25294-41
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:    (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: ndickey@jhaskinlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Rebecca Holt, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Natalie R. Dickey, Attorney No. 25294-41
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:      (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: ndickey@jhaskinlaw.com